IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CORINA CAMPOS<br>    Plaintiff | §<br>§<br>§ |
| VS. | §    C.A. NO. 1:22-cv-55 |
| | §<br>§ |
| CONNIE COBB<br>    Defendant | §<br>§ |

## DEFENDANTS' NOTICE OF REMOVAL

    Defendants, Select Portfolio Servicing, Inc. ("**SPS**") and Deutsche Bank National Trust Company as Trustee in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2004-5, Asset Backed Certificates, Series 2004-5 ("**Trustee**") improperly named as Connie Cobb (both are collectively referred to as "**Defendants**") pursuant to 28 U.S.C. §1446(a), hereby remove this case from the 404th District Court of Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division. Defendants deny the claims and damages alleged in Plaintiff's Original Petition and file this Notice without waiving any claims, defenses, exceptions, or obligations that may exist in their favor in state or federal court.

## I. INTRODUCTION

    1.    On April 29, 2022, Plaintiff, Corina Campos (**"Plaintiff"**) commenced this action by filing Plaintiff's Original Petition (the "**Complaint**") under Cause No. 2022-DCL-02156 in the 357th District Court of Cameron County, Texas (the **"State Court Action"**).[1] On May 2,

---

[1] See Exhibit C-1.

2022 Plaintiff obtained an ex parte temporary restraining order.[2] Defendants filed their Answer on May 9, 2022.[3]

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of when Defendants were served with the initial state court pleading.[4] This action is being removed within 30 days of when this action was filed and therefore within 30 days of Defendants' first receipt of the initial state court pleading.

## II.   PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a). Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III.   STATEMENT OF STATUTORY BASIS FOR JURISDICTION AND VENUE

4. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. §1332(a)(1). That statute provides, in pertinent part, that "the district courts shall have the original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this

---

[2] See Exhibit C-2.
[3] See Exhibit C-3.
[4] *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 143 L.Ed.2d 448 (1999), (holding the time for removal commences on formal service of process, "*not* by mere receipt of the complaint unattended by any formal service).

2

district. As discussed in detail below, this action satisfies the statutory requirements for diversity of citizenship jurisdiction.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties

5. This civil action involves a controversy between citizens of different states. Plaintiff resides and is domiciled in Texas and therefore is a citizen of the State of Texas for diversity purposes.[5]

6. Plaintiff's claims relate to an attempted foreclosure sale by Trustee, which is the mortgagee under the subject loan. SPS is the mortgage servicer for Trustee. See C-1. Notice of Foreclosure Sale attached to the Complaint.

7. Instead of directly naming Trustee and SPS and despite the fact that all of her allegations are directed at Trustee as mortgagee or SPS as mortgage servicer, Plaintiff improperly named Connie Cobb. Connie Cobb ("**Substitute Trustee**") who was a named alternative substitute trustee pursuant to an appointment of substitute trustee for the subject loan. *Id.* Plaintiff includes no legally viable claims or causes of action against Substitute Trustee. Therefore, Substitute Trustee is either a nominal party or was improperly joined and her citizenship is not counted for purposes of diversity jurisdiction.[6]

8. Defendant, SPS is a Utah Corporation and is not a citizen of Texas for diversity purposes. A corporation is deemed to be a citizen of (1) every state where it has been incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[7] SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah. SPS is not

---

[5] See the Complaint at IV under "Facts".
[6] See *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *Ekundayo v. PNC Bank, Nat. Ass'n*, No. A-14-CA-142-SS, 2014 WL 5092625 (W.D. Tex. Oct. 9, 2014) citing *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).
[7] 28 U.S.C.A. § 1332(c)(1).

incorporated in Texas, nor is its principal place of business located in Texas. Therefore, SPS is a citizen of Utah for purposes of diversity jurisdiction.

9. Defendant, Trustee is not a citizen of Texas. When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust.[8]

10. Deutsche Bank National Trust Company is now and was at the commencement of this action and all intervening times, a national banking association that has its principal office in California, as stated in its charter. Therefore, as a national banking association organized under the laws of the United States, Deutsche Bank and thus Trustee are citizens of California for diversity purposes.[9]

11. From the face of the Complaint, it is evident that Plaintiff has not stated or even attempted to state a cause of action against Substitute Trustee under Texas law.[10] Although no legally viable claims have been asserted against any party, Plaintiff's allegations relate to challenges to notice of default and Trustee's standing to foreclose.[11] Substitute Trustee is not the mortgagee and did not attempt to foreclose as mortgagee therefore Plaintiff's allegations have nothing to do with Trustee's attempts to foreclose.

12. A removing party may establish improper joinder by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[12] A

---

[8] *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464, 100 S. Ct. 1779, 64 L.Ed.2d 425 (1980).
[9] 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).
[10] *Larroquette*, 466 F.3d at 375 (holding that standard for establishing improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in state defendant, which stated differently means that there is no reasonable basis of the district court to predict that the plaintiff might be able to recover against an in-state defendant.") (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) (internal quotation marks omitted).
[11] See Complaint at VI. and VII.
[12] *Id.* (citing *Smallwood*, 385 F.3d at 573.

"mere theoretical possibility" of recovery under state law does not suffice to preclude removal.[13] By way of example, courts routinely hold that the mere inclusion of a non-diverse substitute trustee who conducts a foreclosure sale as a nominal party will not defeat diversity jurisdiction.[14]

13. In applying this test, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant."[15] However, unlike a 12(b)(6) analysis, the Court retains discretion to pierce the pleadings and review evidence on whether plaintiff has a viable cause of action under state law.[16]

14. In the context of a motion to dismiss, factual allegations in a complaint must be sufficient to raise the right to relief above a speculative level.[17] Reciting naked assertions devoid of "further factual enhancement" does not suffice.[18] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that the pleader is plausibly entitled to relief.[19]

15. Plaintiff's factual allegations against Substitute Trustee do not exist in her Complaint and certainly do not raise Plaintiff's right to relief above the speculative level since any formulaic recitation of vague allegations even if it existed would be insufficient to support a claim against Substitute Trustee.[20] Plaintiff's conclusory allegations and unwarranted deductions of fact cannot be accepted as true and cannot defeat a motion to dismiss.[21] Plaintiff's

---

[13] *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).
[14] See, *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014) citing *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011).
[15] *Id.*
[16] *Id.*
[17] *Id.* at 555.
[18] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).
[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[20] See *Bell Atlantic Corp.*, 550 U.S. at 556.
[21] *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

Complaint includes no specific allegations or causes of action against Substitute Trustee and fails under the standards for a motion to dismiss. Additionally, Plaintiff has not and cannot allege any legally viable damages relating to any claim against Substitute Trustee since no foreclosure sale has occurred or is alleged to have occurred.

16. Accordingly, the only defendant who was or is a citizen of Texas at any time material to removal was Substitute Trustee, who has been improperly joined or is a nominal party, and complete diversity exists between Plaintiff and all relevant defendants.

17. Because Plaintiff is a citizen of Texas and Defendants, other than the improperly joined or nominal party Substitute Trustee, are citizens of states other than Texas, there is complete diversity of citizenship among the parties.[22]

18. Further, because Substitute Trustee was improperly joined and separately because she has not been served with citation, her consent is not required for removal.

B. **Amount in Controversy**

19. This case places an amount in controversy that exceeds the $75,000 threshold. A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[23] Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[24]

20. When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of removal, alleged damages in excess of the statutory minimum.[25]

---

[22] *See* 28 U.S.C.A. § 332(c)(1) (West).
[23] *See* 28 U.S.C. § 1441(a).
[24] *See* 28 U.S.C. § 1332(a).
[25] *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).

20060161.20220299/4326509.1

21.     If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[26] The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[27]

22.     This action relates to property located at 109 West Pierce Avenue, Harlingen, Cameron County, Texas 78550 (the "Property").[28] The value of the Property according to a recent Broker's Opinion Appraisal from April 6, 2022 is no less than $85,900.[29] Without denying her mortgage defaults, Plaintiff seeks to challenge Trustee's right to foreclose its first lien on the Property and or to obtain possession following foreclosure, by claiming a right to temporary and permanent injunction relief.[30]

23.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[31] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[32] Plaintiff seeks relief which if successful would preclude enforcement of the contractual loan obligations and Trustee's right to foreclose on and take possession of the subject property.[33]

---

[26] *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[27] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[28] See Affidavit attached to Complaint listing address of the Property.
[29] See Exhibit D.
[30] See Complaint at ¶ X and Prayer.
[31] *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[32] *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).
[33] See Complaint at ¶ VII entitled "Temporary Restraining Order" and Prayer.

24. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[34] "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[35] Also, where a party seeks to quiet title or undo a foreclosure, the object of the litigation is the property at issue and the amount in controversy is measured by the value of the property.[36] The value of the subject property in this instance for diversity purposes is no less than $85,900.00.[37] The value of the Property in this instance when added to the value of the monetary relief sought by Plaintiff in her Complaint satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

25. Additionally, Plaintiff seeks money damages for mental anguish in the past, mental anguish in the future, loss of credit in the past and loss of credit in the future. Plaintiff also seeks a recovery of attorney's fees which are included in the amount in controversy for diversity purposes, along with the amount of the debt owed in the context of a residential mortgage.[38] Estimated attorney's fees through trial for each respective party are no less than $20,000.00. When that amount is added to the value of the Property, the amount in controversy exceeds the $75,000.00 amount required for diversity jurisdiction. Plaintiff also seeks damages for mental anguish and alleged loss of credit in unspecified amounts. Mental anguish damages are also to be included in an amount in controversy analysis.[39]

26. Given the value of the property involved and Plaintiff's request to enjoin foreclosure of same by Defendants, as well as Plaintiff's additional claims for past and future

---

[34] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[35] *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983).
[36] See *Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, at *2 (S.D. Tex. August 27, 2009).
[37] See Exhibit D.
[38] See *Christiana Trust v. Henderson*, 181 F. Supp. 3d 375, 378 (S.D. Tex. 2016).
[39] See *Acosta v. Drury Inns, Inc.*, 400 F.Supp.2d 916, 918 (W.D.Tex.2005).

20060161.20220299/4326509.1

mental anguish, loss of credit and attorney's fees, the amount in controversy requirement has been met based on the allegations in Plaintiff's Complaint.

## V. JURY DEMAND

27. Plaintiff has made no known jury demand in the State Court Action.

## VI. CONCLUSION

28. For the foregoing reasons, Defendants ask the Court to remove this suit to the United States District Court for the Southern District of Texas, Brownsville Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
   Michael F. Hord Jr.
   State Bar No. 00784294
   Federal I.D. No. 16035
   Eric C. Mettenbrink
   State Bar No. 24043819
   Federal I.D. No. 569887
   HIRSCH & WESTHEIMER, P.C.
   1415 Louisiana, 36th Floor
   Houston, Texas  77002-2772
   (713) 220-9182 Telephone
   (713) 223-9319 Facsimile
   E-mail: mhord@hirschwest.com
   Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 10th day of May 2022, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with **Federal Rule of Civil Procedure 5(b)** as follows:

Corina Campos, Pro-Se
109 W. Pierce
Harlingen, TX 78550
Ccampos8197@yahoo.com
**Via Email and CM RRR 9414 7266 9904 2180 6014 47**
**U.S. Regular Mail**

                                          /s/ Michael F. Hord Jr.
                                          Michael F. Hord Jr.