United States District Court
Southern District of Texas
**ENTERED**
September 23, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | |
|---|---|
| CORINA CAMPOS, § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 1:22-cv-55 |
| § | |
| § | |
| CONNIE COBB, § | |
| as Substitute Trustee, § | |
| Defendant § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Corina Campos's (hereinafter, "Plaintiff") "Original Petition", filed on April 29, 2022.[1] Dkt. No. 1-4. For the reasons provided below, it is recommended that the Court: 1) **DISMISS** with prejudice Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and 2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.    Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### II.   Background and Procedural History

Plaintiff's claims relate to an attempted foreclosure sale by Defendants Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust Company as Trustee in Trust for Registered Holders of Long Beach Mortgage Loan Trust 2004-5, Asset Backed Certificates, Series 2004-5 ("Trustee"), improperly named as Connie Cobb (collectively, "Defendants"). *Id.*

---

[1] Plaintiff's petition, 2022-DCL-02156, was originally filed in the 357th Judicial District Court in Cameron County, Texas, and was removed to the Southern District of Texas on May 10, 2022. Dkt. No. 1.

Following the removal of this case, Court correspondence mailed to Plaintiff was returned as undeliverable. *See* Dkt. No. 6. At the scheduled initial pretrial conference, the Court addressed Plaintiff and she confirmed her address on the record. *See* Minute Entry dated June 22, 2022. Subsequently, additional Court correspondence mailed to Plaintiff has been returned as undeliverable. See Dkt. Nos. 13, 14, 17.

On August 22, 2022, the Court again notified Plaintiff that she must keep the Court apprised of her current address, and that a failure to notify the Court of any changes in address may result in the dismissal of her case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. Dkt. No. 15. The Court ordered Plaintiff to provide an updated address by September 12, 2022. *Id*. A copy of the Court's Order was returned undeliverable on September 13, 2022. Dkt. 17. To date, Plaintiff has not complied with the Court's Order, or otherwise indicated that she is willing and able to prosecute her lawsuit.

### III.  Fed. R. Civ. P. 41(b)

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). *See Rossmann v. Pompeo*, No. 3:17-CV-2975-L-BH, 2017 WL 6559152 (N.D. Tex. Nov. 20, 2017), *adopted by*, 2017 WL 6558159 (N.D. Tex. Dec. 22, 2017) (recommending dismissal for failure to prosecute after plaintiff failed to submit application in forma pauperis in compliance with a court order); *Raker v. City of Corpus Christi Police Dept.*, No. MC-08-22, 2008 WL 3317006, at *2 (S.D. Tex. Aug. 7, 2008) (dismissing a plaintiff's action for

failure to prosecute after plaintiff failed to submit an amended complaint in compliance with a court order). "District courts may, for appropriate reasons, dismiss cases *sua sponte*. For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (internal citation omitted).

Given the Court's prior warnings in this case, and the Plaintiff's failure to comply with the Court's order, it is recommended that Plaintiff's case be **DISMISSED** with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## IV. Recommendation

For the foregoing reasons, it is recommended that the Court: 1) **DISMISS** with prejudice Plaintiff's claims for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); and 2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **23rd** day of **September, 2022**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**